|178    199|
|200   ²161|

JOSEPH VANEYCK

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 17, 1899.*

1. EVIDENCE—*when conversations not in presence of accused are competent.* Where a saloon-keeper is charged, as principal or accessory before the fact, with taking part in a confidence game, conversations between the prosecuting witness and others who aided in the crime, which were the means of inducing him to accompany them to the saloon, are competent.

2. CONFIDENCE GAMES—*what is a confidence game and not a robbery.* Inducing a man to bet on the top and bottom of dice, and taking his pocket-book and money from his pocket for the purpose of betting, is a confidence game rather than a robbery, even though fear is aroused in him for the loss of his money.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

R. A. WADE, and JAMES TODD, for plaintiff in error.

EDWARD C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and BEN M. SMITH, of counsel,) for the People.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Plaintiff in error was convicted of being guilty of a violation of section 99 of the Criminal Code, (Rev. Stat. p. 470,) which defines and punishes the obtaining of money from another by means of the confidence game, and was sentenced to the penitentiary under the Indeterminate Sentence act. This writ of error is sued out, and it is insisted there was error in allowing testimony as to conversations of one Williams and a stranger from Iowa with the prosecuting witness, L. E. Laun, before they arrived at the saloon of plaintiff in error; that the evidence does not show the plaintiff in error was either principal or ac-

cessory in the commission of any offense, and that if any crime was committed it was robbery and not the confidence game, and that the court erred in refusing an instruction. The first and second points may be considered together.

If the plaintiff in error was a party to the act, as principal or as accessory before the act, then conversations between the prosecuting witness and others who aided in the commission of the crime and induced the prosecuting witness to accompany them to the saloon would be relevant and competent. The evidence shows Laun arrived in the city from the country and was met by Williams and a few moments afterward by the Iowa man. The Iowa man, under pretense of taking Laun to a doctor for treatment, took Laun south under the viaduct to a saloon at 1213 State street. No one was at the saloon except VanEyck, who was tending bar, unless, perhaps, a cook in the back part of the room. Laun declined to drink, but upon VanEyck's suggestion took a soda. Immediately after the Iowa man and Laun got to the saloon one Patrick arrived. After buying drinks, Patrick and the Iowa man each produced a five-dollar bill to pay for the same. VanEyck, it will be observed, was unable to change both of these bills and furnished dice, and Patrick and the Iowa man proceeded to throw the dice to see who should pay for the drinks. There was some conversation with Laun in regard to dice, but he declined to have anything to do with the game. The Iowa man then explained to Laun what was meant by the top and bottom game, —that dice, however thrown, cannot count other than twenty-one. The Iowa man and Patrick threw the dice and then Patrick got $2.50 from Laun and returned him $5, and explained that the $2.50 additional was for Laun. These two men then took Laun's pocket-book from his pocket, opened it and took from it $20. All this took place while Laun, Patrick and the Iowa man were standing at the bar and the plaintiff in error behind the bar.

Then the Iowa man and Patrick took hold of Laun, led him to a table in front of and only eight feet from the bar and there took $360 from him, and immediately after securing the money Patrick threatened to have him arrested for gambling. It is somewhat strange for VanEyck to have stood behind the bar, witnessed the throwing of the dice, the explanation of the Iowa man to Laun in regard to the game, the taking of the pocket-book out of Laun's pocket and the taking of $20 from it, and then, after the balance was taken, amounting to over $300, at this particular time admonish him of the danger resulting from gambling in his saloon, and to further add that "it is a State's prison offense to gamble." VanEyck then put Laun out of the back door. Patrick, who got the money, remained at the table. This is most unusual conduct for an innocent man, when it is observed that afterwards VanEyck offered Laun $5, and gradually increased the amount to $125, if he would quit and get out of the city; also, that ten days after he offered Laun $25 and a railroad ticket to Rockford or Dakota, and said that he was "willing to give all the money that's left, and I will see the other two fellows and see what they are willing to give;" that "if there is any more left I am willing to give it." He also told Kipley, the chief of police, that Laun lost $315, "because the money was counted three times."

From this evidence it is clear the jury were authorized to find the defendant was a party aiding in the commission of the crime, and the admission in evidence of the conversations between Laun, Williams and the Iowa man before arriving at the saloon of the plaintiff in error was not error.

As to whether the crime committed was robbery or the obtaining of money by means of the confidence game is not a proposition that will induce us to engage in a protracted discussion of these crimes. Inducing men to bet on top and bottom of dice, and procuring money from a man for that purpose, and getting possession of his

pocket-book for the purpose of betting, even though fear is aroused in him for the loss of his money, is enough of a confidence game to sustain a conviction and distinguish it from robbery.

In the abstract it is not attempted to set out the instructions given by the court, but an instruction was asked by defendant which was refused, and its refusal is assigned as error. The court gave the full substance of the instruction in another, and was not required to repeat the instruction.

We find no error in the record, and the judgment is affirmed.